UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No.  1:13-cr-00085-JOF-1

**CHRISTOPHER CAIN**

Defendant's Attorney:
Nicole M. Kaplan

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After 1, 1987)

The defendant pleaded guilty to Count **One (1) of the Information.**

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| **18 U.S.C. §249(a)(2)** | Hate Crime Act Involving Perceived Sexual Orientation | One (1) |

The defendant is sentenced as provided in pages 2 through  4 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100** which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-3298
Date of Imposition of Sentence: June 26, 2013
Defendant's Date of Birth:        1993
Defendant's Mailing Address:     Lovejoy, Georgia 30250

Signed this the 26th day of June, 2013.

S/   J. Owen Forrester
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

**1:13-cr-00085-JOF-1 : Christopher Cain**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Ten (10) months** to commence on this date and to run concurrently with the state sentence the defendant is now serving on Fulton County, Georgia, Superior Court, case number 12 SC 108211.  Further, it is recommended to the Bureau of Prisons that the defendant be allowed to serve his sentence in the custody of the State of Georgia. Note: Pursuant to USSG 5g1.3(b), the sentence was adjusted for a period of imprisonment that will not be credited by the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____  to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

**1:13-cr-00085-JOF-1 : Christopher Cain**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

1:13-cr-00085-JOF-1 : Christopher Cain

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.